UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MARISCAL,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>Defendant. | No. 1:17-cv-00688-DAD-EPG<br><br>ORDER GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS AND DENYING DEFENDANT'S AMENDED MOTION TO STRIKE<br><br>(Doc. No. 7) |

This matter is before the court on defendant's amended motion to dismiss and amended motion to strike. (Doc. No. 7.) A hearing on the pending motions was held on July 25, 2017. Attorney John Migliazzo appeared on behalf of plaintiff. Attorney Susan W. Pangborn appeared on behalf of defendant. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will grant defendant's motions.

**BACKGROUND**

Plaintiff, Stephanie Mariscal, was hired by defendant, AT&T Mobility Services, L.L.C., on September 10, 2010 to work as a sales representative. (Doc. No. 1-2 at 5, ¶ 6, Ex. A.) In her complaint, plaintiff alleges as follows. In November 2012, AT&T Mobility Services Regional Manager, Andrew Chacon ("Mr. Chacon"), told Assistant Manager, Leonard Beltran ("Mr. Beltran"), that he would promote Mr. Beltran if he slept with plaintiff. (*Id.* at ¶ 7.) Mr. Chacon

1

also told plaintiff that she "had a nice body and had a nice ass." (Doc. No. 15 at 88, Ex. A.) Plaintiff complained to her union representative, Keith Renege, about these sexually suggestive comments but did not do so until March 2013. (Doc. No. 1-2 at ¶ 7.) Plaintiff claims that in July 2013 she was "treated differently than others" because she was not offered a new sales position and that she again complained to Mr. Renege. (*Id.*) In September 2013, plaintiff claims she was subject to unwarranted write-ups by Mr. Chacon and her supervisor, Mathew McCoy. (*Id.* at ¶ 8.)

In November 2013, defendant became aware of plaintiff's pregnancy. (*Id.*) Plaintiff did not request pregnancy leave under the Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") until January 2014. (*Id.*) Around the same time, plaintiff made a formal complaint to the AT&T Mobility Services Human Resources Department about the sexually suggestive comments and unwarranted write-ups made by Mr. Chacon. (*Id.* at ¶ 9.) Although human resources investigated her complaint by asking some initial questions, they never followed up. (*Id.*) However, in March 2014, plaintiff learned that Mr. Chacon was aware of her complaint filed with human resources. (*Id.*)

While plaintiff remained on extended leave from January 2014 to September 2014 due to postpartum depression, she learned that Mr. Chacon questioned her co-workers about who the father of her child was. (*Id.* at 6, ¶ 10.) When plaintiff returned to work in September 2014, she was subject to more write-ups and not given the opportunity to be trained on new products and services. (*Id.* at ¶ 11.) Plaintiff complained a third time to the Vice President of the Western Region, Terry Stinsel, in January 2015 about Mr. Chacon's comments. (*Id.* at ¶ 12.) Mr. Stinsel encouraged her to quit and criticized her performance. (*Id.*) Instead of honoring her request to remain anonymous, he suggested and arranged a face-to-face meeting with Mr. Chacon. (*Id.*) That same month, plaintiff also took two weeks off due to stress, but was terminated on February 11, 2015 without explanation. (*Id.* at ¶ 13.) Although plaintiff was eventually reinstated in March 2015, she was not offered an explanation for her February 2015 termination. (*Id.*)

On October 5, 2015 plaintiff filed a formal complaint ("2016 Charge") with the Department of Fair Employment and Housing ("DFEH"). (*Id.* at ¶ 15.) Although plaintiff's complaint was found untimely, DFEH decided to pursue and investigate her complaint on the

basis of tolling. (Doc. No. 9-2 at 2, Ex. B.) During this time, plaintiff was also in contact with her manager, Bernadette Avina, to coordinate leave options. As a result, plaintiff was approved for long-term disability leave on October 15, 2015. (Doc. No. 1-2 at 7, ¶ 17, Ex. A.) However, on November 28, 2015, plaintiff was again terminated without explanation. (*Id.*) Plaintiff believed her leave would continue into 2016, but in April 2016 she was denied long-term disability benefits and she was not offered reinstatement. (*Id.* at ¶ 18.)

DFEH issued a right to sue notice on January 3, 2017. (*Id.* at ¶ 19.) Plaintiff filed another complaint with DFEH on April 7, 2017 ("2017 Charge") elaborating on the allegations set forth in her 2016 Charge. (*Id.* at ¶ 20.) Plaintiff received an immediate right to sue notice from DFEH. (*Id.*) On April 14, 2017, plaintiff filed this action in the Fresno County Superior Court alleging violations of the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940. (Doc. No. 1-2, Ex. A.) Specifically, plaintiff alleges claims for retaliation on the basis of protected activity including requesting accommodation, disability discrimination, failure to provide reasonable accommodation, failure to engage in good faith interactive process, and wrongful termination. (*See id.*) In addition to monetary damages, plaintiff seeks declaratory relief. (*See id.* at 16.) Defendant removed this action to federal court on May 18, 2017 on the basis of diversity jurisdiction. (Doc. No. 1 at 2, ¶ 6.)

Defendant filed motions to dismiss and to strike on May 24, 2017. Defendant filed amended motions to dismiss and to strike on May 26, 2017. (Doc. No. 7.) Defendant also filed a request for judicial notice on June 1, 2017. (Doc. No. 9.) Plaintiff's opposition to the motions to dismiss and to strike and accompanying request for judicial notice was filed on July 10, 2017. (Doc. No. 11.) Defendant filed its reply brief on July 18, 2017. (Doc. No. 12.) After oral argument, plaintiff filed a supplemental request for judicial notice (Doc. No. 15), which includes the entire file produced by the DFEH. Below, the court will consider the parties' arguments.

**REQUEST FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 provides that the court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned."

Defendant requests the court take judicial notice of plaintiff's complaint. (Doc. No. 9-1, Ex. A) and records from the DFEH and EEOC. (Doc. No. 9 at 1.) With respect to the two administrative bodies, defendant specifically requests the court take notice of the following: (1) the Notice of Filing of Discrimination Complaint sent to defendant by the DFEH on February 22, 2016, which includes the EEOC Notice of Charge of Discrimination dated February 11, 2016 (Doc. No. 9-2, Ex. B); (2) defendant's April 6, 2016 response to the DFEH allegations (Doc. No. 9-3, Ex. C); (3) the e-mail and attached Request for Additional Information ("RFI") sent to defendant by the DFEH on December 7, 2016 (Doc. No. 9-4, Ex. D); (4) defendant's response to the RFI on December 7, 2016 (Doc. No. 9-5, Ex. E); (5) the Notice of Case Closure and Right to Sue from the DFEH dated January 23, 2017 (Doc. No. 9-6, Ex. F); and (6) plaintiff's latest DFEH complaint filed on April 7, 2017. (Doc. No. 9-7, Ex. G.)

Plaintiff likewise requests the court take judicial notice of administrative records from the DFEH. (Doc. Nos. 11-1; 15.) Specifically, plaintiff requests the court take notice of DFEH's "Matter Book," which documents plaintiff's original administrative complaint filed October 5, 2015 and the agency's investigation efforts thereto. (*Id.* at 5–11, Ex. 1.) Additionally, plaintiff requests the court take notice of two legislative records: (1) Assembly Bill No. 987 (*id.* at 13–19, Ex. 2); and (2) the "Senate Rules Committee of Office of Senate Floor Analyses, analysis of A.B. 987 (2015-2016 Reg. Sess.), June 9, 2015 (as amended May 27, 2015)." (*Id.* at 21–26, Ex. 3.)

The court does not take issue with any of the requests made by the parties for judicial notice. Accordingly, the court takes judicial notice of plaintiff's complaint. *See United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-cv-00861-KJM-EFB, 2015 WL 5436784, at *3 (E.D. Cal. Sept. 15, 2015). The court also takes notice of all administrative records produced by plaintiff and defendant in connection with the pending motions, and notes that plaintiff's complaint makes specific reference to these same documents. (*See* Doc. No. 1-2 at 6, ¶15; 7, ¶ 20.) *See United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (noting that, "judicial notice is appropriate for records and 'reports of

administrative bodies.'") (citing *Interstate Natural Gas Co. v. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954)); *see, e.g.*, *Pujol v. McDonald*, No. 16-CV-04936-SI, 2017 WL 1064993, at *2 (N.D. Cal. Mar. 21, 2017) ("A court may take judicial notice of matters of public record, including administrative records[;]" and taking notice of an EEOC Counselor Report and a Complaint of Employment Discrimination); *Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027–28 (N.D. Cal. 2015) (taking notice of five FEHA administrative complaints filed with DFEH and EEOC because "[t]hese documents are records of state agencies, and therefore appropriate subjects of judicial notice."). Similarly, the court will take judicial notice of the legislative records produced by plaintiff since there is no dispute as to the authenticity of the materials. *See, e.g.*, *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005) (taking judicial notice of California Penal Code § 148.6); *see also Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1156 (C.D. Cal. 2006) (noting that, "[u]nder Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies."); *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 238 F. Supp. 2d 1158, 1165 (N.D. Cal. 2002) (taking notice of the Legislative Counsel's analysis of what became California Welfare & Institutions Code § 17401).

**MOTION TO DISMISS**

**A. Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/////

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**B. The Retaliation Claim**

Defendant seeks to dismiss plaintiff's first cause of action for retaliation in violation of FEHA pursuant to California Government Code §§ 12940(h), (m)(1), and (m)(2). Section (m)(2) specifically enumerates a request for reasonable accommodation as a protected activity for a retaliation claim "regardless of whether the request was granted." Defendant also seeks to dismiss plaintiff's retaliation claim on the basis that plaintiff failed to exhaust her administrative remedies.

The court will first address defendant's contention that § 12940(m)(2) does not apply retroactively, and therefore, plaintiff's retaliation claim on the basis of requested accommodation

6

is barred. Thereafter, the court will address whether plaintiff exhausted her administrative remedies.

 1. Retaliation on the Basis of Requested Reasonable Accommodation under Cal. Gov't Code § 12940(m)(2)

As noted above, defendant moves to dismiss arguing that plaintiff cannot bring a claim for retaliation on the basis of a requested reasonable accommodation pursuant to California Government Code § 12490(m)(2) because that law did not go into effect until January 1, 2016, well after plaintiff's employment with defendant ended on November 28, 2015 and the provision is not retroactive. (Doc. No. 7-1 at 17–18.) Section 12940(m)(2) specifically makes it unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Plaintiff opposes dismissal of this claim on the ground that in enacting § 12490(m)(2) the California legislature sought merely to clarify already existing law that requesting accommodation is a protected activity. (Doc. No. 11 at 9–11.)

State and federal courts to have considered the issue have rejected plaintiff's argument, concluding that § 12940(m)(2) does not apply retroactively. *See Carballo v. Comcast, Inc.*, 690 Fed. Appx. 1006, 1009 (9th Cir. 2017)[1] (noting that, "[a]t the time of Carballo's employment, 'protected activity' did 'not include a mere request for reasonable accommodation.'") (quoting *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 381 (2015)); *see, e.g.*, *Moore v. Regents of the Univ. of California*, 248 Cal. App. 4th 216, 247 (2016) (construing A.B. 987 and finding that "at the time of the relevant events, a request for accommodation, without more, was insufficient to constitute 'protected activity' under Section 12940, subdivision (h), and such activity thus could not support a claim for retaliation under subdivision (h)."). Thus, plaintiff cannot maintain a claim for retaliation pursuant to § 12940(m)(2) on the grounds that she requested reasonable accommodation because this was not a protected activity under the law at the time her claims arose.

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

7

Accordingly, defendant's motion to dismiss will be granted to the extent plaintiff's retaliation claim relies on § 12940(m)(2) or the request for reasonable accommodation that may have been denied or resulted in an adverse employment action. Because § 12940(m)(2) does not apply retroactively, the granting of leave to amend in this regard would be futile.

2. Exhaustion of Administrative Remedies

Defendant also moves to dismiss plaintiff's retaliation claim on the grounds that plaintiff failed to exhaust her administrative remedies. In order to be entitled to file a civil action based on alleged FEHA violations, an employee must first exhaust administrative remedies. *See Blum v. Superior Court*, 141 Cal. App. 4th 418, 422 (2006). An employee exhausts administrative remedies by filing a complaint with the DFEH within one year of the occurrence of the claimed unlawful act, and obtaining a notice of the right to sue from the Department. *Blum*, 141 Cal. App. 4th at 422 (citing *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 116 (2002); *see also Rao v. Amerisource Bergen Corp.*, No. CIV S-08-1527 DAD PS, 2010 WL 3767997, at *9 (E.D. Cal. Sept. 22, 2010) ("The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA."). It is the plaintiff's burden to plead and prove timely exhaustion of administrative remedies. *See Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) (citing *Garcia v. Los Banos Unified School Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006)).

"Under the FEHA, the scope of the DFEH complaint defines the scope of the subsequent civil action." *Keever v. Mediation Ctr. of San Joaquin*, No. 2:13–cv–00029–KJM–KJN, 2015 WL 75194, at *6 (E.D. Cal. Jan. 6, 2015). Thus, "[a]llegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001); *see also Soldinger v. Northwest Airlines, Inc.*, 51 Cal. App. 4th 345, 381 (1996). However, a plaintiff may bring a civil action based on conduct not specifically included in a DFEH complaint if it is "like or reasonably related" to the allegations set forth in the administrative complaint, or "can reasonably be expected to grow out of an administrative investigation." *Lelaind v. City and County of San Francisco*, 576 F. Supp. 2d 1079, 1091 (N.D. Cal. Sept. 2, 2008); *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App.

4th 1607, 1615 (1995). Below, the court will address (a) whether plaintiff's 2017 Charge and the 2016 Charge are sufficiently related; and (b) whether plaintiff's complaint filed in this action and her DFEH charges are likewise reasonably related for purposes of administrative exhaustion.

        a. *Whether the 2017 DFEH Charge and the 2016 DFEH Charge are Related*

Plaintiff's 2016 DFEH Charge concerns incidents that allegedly occurred between February 12, 2014 and November 28, 2015 in violation of the American with Disabilities Act of 1990. (Doc. No. 9-2 at 6, Ex. B.)[2] Examination of this charge filed by plaintiff reveals that only the box for discrimination on the basis of disability was checked. (*Id.*) The box on the charge form indicating a complaint based on retaliation was not checked. *Id.* In the 2016 Charge, plaintiff alleged that she was placed on medically excused leave due to her disability on February 3, 2015 and thereafter was "subject to discrimination" by defendant because she was denied reasonable accommodation for extended medical leave and subsequently terminated on the basis of her disability. (*Id.* at 8.)

The DFEH's matter book reflects that during an interview on January 6, 2016, the interviewer noted that plaintiff felt "retaliated for dating a co-worker in 2013 and 2014 . . . ." (Doc. No. 11-1 at 8.) Although no specific incident of retaliation was noted, the interviewer documented plaintiff's interaction with Mr. Stinsel in January 2015, at which time she complained about the events at the store location and was encouraged by him to quit, as a possible engagement in protected activity by plaintiff. (*Id.*) The interviewer took the names of the decision-makers involved, including Mr. Chacon. (*Id.*) While the interviewer noted that plaintiff's complaint had no connection to a protected basis, plaintiff felt retaliated against for complaining about the work environment. (*Id.* at 9.) The interviewer documented the chronology of the events beginning with plaintiff's complaint made to human resources in 2014 about Mr. Chacon's comments, plaintiff's request for pregnancy leave and diagnosis with postpartum depression, and not being given training upon her return to work. (*Id.*) Plaintiff's additional

---

[2] As noted, plaintiff filed her first complaint with DFEH on October 5, 2015. On February 22, 2016, DFEH observed that while the complaint was untimely, it was pursuing the complaint on the basis of tolling. (Doc. No. 9-2 at 2, Ex. B.)

9

leave of absences, initial termination, reinstatement, and final termination were also documented. (*Id.*) After sending defendant a notice of the complaint and further investigating the matter, DFEH issued a right to sue letter with respect to plaintiff's 2016 Charge on January 23, 2017 and closed the case due to insufficient evidence. (Doc. No. 9-6, Ex. F.)

On April 7, 2017, plaintiff filed another complaint with DFEH alleging that defendant violated the FEHA by engaging in discrimination, harassment, and retaliation on the basis of a protected activity, sex, and disability. (Doc. No. 9-7 at 5, Ex. G.) These allegations relate back to plaintiff's 2016 Charges because they describe the same comments allegedly made by Mr. Chacon, plaintiff's complaints made to human resources, the fact that plaintiff was not offered a new sales position, and that she was frequently written up. (*Id.* at 7.) Plaintiff likewise describes these events in relation to her request for pregnancy leave, diagnosis of postpartum depression, additional leaves of absence, and her subsequent termination. (*Id.* at 7–8.) DFEH closed the case, but an immediate right to sue notice was requested and was issued on April 7, 2017. (*Id.* at 3.) Although defendant argues that plaintiff's second administrative charge was untimely because it was filed over a year after plaintiff was terminated in November 2015, the court finds that plaintiff's 2017 DFEH Charge concerns the same operative alleged facts as her 2016 DFEH Charge, and therefore, the allegations of the latter filing were timely submitted under the relation-back doctrine. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 898 (9th Cir. 2001).

b. *Whether the DFEH Charges and Judicial Complaint are Related*

Within her complaint before this court, plaintiff describes the sexually suggestive comments made by Mr. Chacon and the fact that she complained both to her supervisor in March 2013 and to defendant's human resources department in January 2014 about those comments. (Doc. No. 1-2 at ¶ 7, Ex. A.) Plaintiff alleges that apart from the initial investigation conducted, defendant never followed up on her complaints. (*Id.* at ¶ 9.) Plaintiff also alleges that instead of defendant addressing her complaint in this regard, she was encouraged to quit her job. (*Id.* at ¶ 12.) Furthermore, plaintiff alleges that instead of honoring her request to remain anonymous, Mr. Stinsel arranged a face to face meeting with Mr. Chacon. (*Id.*) The complaint filed in this action also contains allegations detailing that plaintiff requested medical leave on January 28,

10

2015 through October 2015 due to stress, anxiety, depression, and insomnia. (*Id.* at ¶ 24(h).) The adverse employment actions alleged include the claim that she was not offered a sales position in the same way as other employees, was subjected to unwarranted write-ups after voicing her complaints, and was eventually terminated on November 28, 2015 without explanation. (*See generally id.* at ¶ 25.) As noted, plaintiff's 2016 and 2017 DFEH Charges both describe the comments made by Mr. Chacon, the fact that plaintiff made complaints, the fact that she requested leave, and the same alleged adverse employment actions as described in the complaint before this court. Although plaintiff did not specifically allege retaliation in her 2016 Charge, she did so allege in her 2017 DFEH Charge. In any event, the facts giving rise to plaintiff's retaliation claim in this action stem from the same administrative investigation. Because the allegations in plaintiff's complaint in this action are like or reasonably related to the allegations advanced in her DFEH Charges, the court concludes that plaintiff adequately exhausted her administrative remedies as required. *Lelaind*, 576 F.Supp.2d at 1091 ("Because the factual allegations in the administrative charge are like or reasonably related to claims for hostile work environment, retaliation, and disparate treatment [although the charge did "not invoke magic words"], and such claims could be reasonably expected to grow out of an investigation based on the facts alleged, the court concludes that Lelaind has exhausted her administrative remedies as required under Title VII and FEHA."); *Okoli*, 36 Cal.App.4th at 1615.

Accordingly, defendant's motion to dismiss on the grounds that plaintiff failed to exhaust her administrative remedies will be denied.[3]

---

[3] Above, the court has concluded that because the request for reasonable accommodation was not a protected activity under the law at the time plaintiff's claims arose, her retaliation claim premised on that theory must be dismissed. The court need not consider whether plaintiff has adequately alleged a retaliation claim in any other respect not raised by defendant. Plaintiff's allegations regarding Mr. Chacon's sexually suggestive comments and her complaint regarding the same would appear to be sufficient to constitute a protected activity. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("Asserting one's civil rights, as Brooks did by complaining of Selvaggio's conduct, is a protected activity under Title VII and FEHA[,]" and finding that the plaintiff's complaint of harassment there constituted a protected activity); *Sanchez v. California*, 90 F. Supp. 3d 1036, 1054 (E.D. Cal. 2015) ("Plaintiff's complaints to her supervisors and the CDCR that Defendant Smyth was sexually harassing her were also protected activity under both Title VII and the FEHA."); *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1179 (C.D. Cal. 2013) ("To prevail on her retaliation claim, however, Day need not prove

11

**C. Declaratory Relief**

Defendant also moves to dismiss plaintiff's fifth cause of action for declaratory relief on the grounds that it is not an independent cause of action, there is no present controversy between the parties, and the claim for declaratory relief is duplicative of plaintiff's other claims. (Doc. No. 7-1 at 20–22.)

A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009); *StreamCast Networks, Inc. v. IBIS LLC*, No. C 05–04239, 2006 WL 5720345, at *4–5 (C.D. Cal. May 2, 2006). Declaratory relief should be denied when it will neither clarify or settle the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy that the parties face. *United States v. Washington*, 759 F.2d 1353, 1356–57 (9th Cir. 1985).

Here, the declaratory relief plaintiff seeks is "commensurate with the relief sought through her substantive claims." *Achal*, 114 F. Supp. 3d at 819 (dismissing plaintiff's declaratory relief claim after finding it duplicative of plaintiff's FEHA claims); *see also Baker v. Roman Catholic Archdiocese of San Diego*, No. 14cv0800 JM(JMA), 2015 WL 1344958, at *5 (S.D. Cal. Mar. 23, 2015) (same); *Zahabi v. Bank of Am., N.A.*, No. C 12-00014 RS, 2012 WL 12920749, at *7 (N.D. Cal. Oct. 25, 2012) (same); *see generally Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (sua sponte dismissal of a claim under Federal Civil Procedure Rule 12(b)(6) appropriate under recognized circumstances). Accordingly the court will dismiss plaintiff's fifth cause of action for declaratory relief without leave to amend because it is duplicative of plaintiff's other claims.

/////

/////

---

that Grant actually engaged in conduct constituting sexual harassment; a complaint about sexual harassment is a protected activity 'when the employee opposes conduct that the employee reasonably and in good faith believes to be [in violation of FEHA], whether or not the challenged conduct is ultimately found to violate the FEHA.'") (quoting Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1043 (2005)).

| | |
|---|---|
| 1 | **MOTION TO STRIKE** |
| 2 | Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a complaint |
| 3 | "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The |
| 4 | function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise |
| 5 | from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. |
| 6 | 1983). However, motions to strike are generally disfavored and "should not be granted unless it |
| 7 | is clear that the matter to be stricken could have no possible bearing on the subject matter of the |
| 8 | litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and |
| 9 | quotation marks omitted). *See also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d. 1101, |
| 10 | 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the |
| 11 | limited importance of pleading in federal practice, and because they are often used as a delaying |
| 12 | tactic.") Whether to grant a motion to strike is within the sound discretion of the court, but the |
| 13 | court must view the pleading in a light most favorable to the non-moving party and resolve any |
| 14 | doubt as to the relevance of the challenged allegations in favor of the non-moving party." *See In* |
| 15 | *re 2TheMart.com, Inc. v. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). |
| 16 | Defendant specifically moves to strike four categories of allegations set forth in plaintiff's |
| 17 | complaint: "(1) those barred by the applicable statute of limitations; (2) those barred by |
| 18 | plaintiff's failure to exhaust administrative remedies and/or relate to claims not alleged in the |
| 19 | lawsuit; (3) those based on an amendment to FEHA which was not in effect at the relevant time |
| 20 | of the Complaint; and (4) those that do not constitute 'adverse employment actions' as a matter of |
| 21 | law." (Doc. No. 7-1 at 22.) Here, the facts alleged in the complaint that defendant proposes to |
| 22 | strike give rise to plaintiff's other claims for disability discrimination, failure to provide |
| 23 | reasonable accommodation, failure to engage in the good faith interactive process, and wrongful |
| 24 | termination. The court is unable to conclude that the allegations which defendant seeks to have |
| 25 | stricken have "no possible bearing" on plaintiff's surviving claims. *See Baker*, 2015 WL |
| 26 | 1344958, at *5. Accordingly, defendant's motion to strike will be denied. |
| 27 | ///// |
| 28 | ///// |

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss plaintiff's first cause of action for retaliation is granted to the extent plaintiff's claim is based on California Civil Code § 12940(m)(2) for requesting reasonable accommodation;

2. Defendant's motion to dismiss on exhaustion grounds is denied;

3. Defendant's motion to dismiss plaintiff's fifth cause of action for declaratory relief is granted;

4. Defendant's motion to strike is denied; and

5. The case is referred to the assigned magistrate judge for Initial Scheduling Conference which is currently scheduled for December 12, 2017 at 9:30 a.m.

IT IS SO ORDERED.

Dated: **November 28, 2017**

UNITED STATES DISTRICT JUDGE